In the Matter of Merrick S. RAYLE, Respondent.

No. 98S00–0701–DI–36.

Supreme Court of Indiana.

Dec. 29, 2008.

## PUBLISHED ORDER GRANTING REINSTATEMENT TO THE PRACTICE OF LAW

On May 15, 2007, this Court entered an "Order Imposing Reciprocal Discipline," suspending Respondent from the practice of law in this state based on Respondent's suspension from the practice of law in the state of Illinois. Respondent has been reinstated to practice law in the foreign jurisdiction, and Respondent's suspension in this state has been at least as long as his suspension in the foreign jurisdiction. Respondent filed a petition for reinstatement to the practice of law in Indiana on November 20, 2008.

This Court, being duly advised, GRANTS the petition for reinstatement and REINSTATES Respondent as a member of the Indiana bar.

All Justices concur.

In the Matter of Kenneth G. HAYNIE, Respondent.

No. 82S00–0709–DI–370.

Supreme Court of Indiana.

Jan. 15, 2009.

## PUBLISHED ORDER REVOKING PROBATION AND IMPOSING SUSPENSION

On April 25, 2008, the Court suspended Respondent from the practice of law for a period of 90 days, all stayed subject to a 24–month period of probation during which Respondent was required to comply with a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP") and with the requirements imposed by the Warrick Superior Court in connection with a criminal action. On December 5, 2008, the Commission filed a verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2), asserting Respondent materially violated the terms of his JLAP monitoring agreement. Respondent filed an answer pleading "no contest."

Being duly advised, the Court GRANTS the motion, revokes Respondent's probation, and reinstates Respondent's suspension from the practice of law in this state. **Respondent shall be suspended for a period of not less than 90 days, without automatic reinstatement, beginning February 27, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

All Justices concur.